09-0941-cv
Richardson v. New York City

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of March, two thousand ten.

PRESENT:  REENA RAGGI,
          PETER W. HALL,
                    *Circuit Judges*,
          GREGORY W. CARMAN,
                    *Judge*.[*]

-------------------------------------------------------------------------------

RICHARD RICHARDSON,

                    *Plaintiff-Appellant*,

             v.                                            No. 09-0941-cv

NEW YORK CITY,

                    *Defendant*,

NEW YORK CITY POLICE, L.I.R.R. POLICE
COMMAND DIS, ALL JOHN DOE OFFICERS, ITS
TOUR COMMAND, OFFICER FUENTES, TAX ID
086729, OFFICER SGT. SMITH,

                    *Defendants-Appellees*.

-------------------------------------------------------------------------------

[*] Judge Gregory W. Carman of the United States Court of International Trade, sitting by designation.

APPEARING FOR APPELLANT:     RICHARD RICHARDSON, *pro se*, Brooklyn, New York.

APPEARING FOR APPELLEES:     MICHAEL G. KRUZYNSKI, Lewis Johs Avallone Aviles, LLP, Riverhead, New York.

Appeal from the United States District Court for the Southern District of New York (Michael H. Dolinger, *Magistrate Judge*).[1]

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 12, 2008, is AFFIRMED.

Pro se plaintiff Richard Richardson appeals from a judgment entered after a jury verdict in favor of defendant Officer Raymond Fuentes on Richardson's unlawful arrest and excessive force claims under 42 U.S.C. § 1983. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Arguments Concerning Defendants Other than Fuentes

Richardson complains that, other than Officer Fuentes and possibly Sergeant Smith, no defendants were present at trial. This argument states no ground for relief because the complaint was brought against an entire police district and unnamed "John Doe" officers who could not have appeared.

---

[1] This case was assigned to Magistrate Judge Michael H. Dolinger with the consent of both parties. See 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

To the extent Richardson challenges the district court's entry of judgment as a matter of law on his claims against the Metropolitan Transportation Authority police and unnamed officers, that argument fails because Richardson did not adduce sufficient evidence either (1) tying Sergeant Smith to the complained-of conduct, or (2) identifying a department custom or policy responsible for the alleged deprivation of his constitutional rights. See Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978); see generally Fed. R. Civ. P. 50(a)(1) ("If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may . . . resolve the issue against the party . . . and grant a motion for judgment as a matter of law against the party.").

2. Police Investigation of Richardson's Arrest

On appeal, Richardson argues that he should have prevailed because the defendants failed to review surveillance tapes showing that he did not steal a soda. We are not persuaded. The jury was entitled to credit Officer Fuentes's testimony and the desk appearance ticket, which stated that Richardson was arrested not for theft, but rather for disorderly conduct. See, e.g., United States v. Payne, 591 F.3d 46, 60 (2d Cir. 2010) ("Assessments of witness credibility and choices between competing inferences lie solely within the province of the jury."). Accordingly, the jury could reasonably have concluded that there was probable cause for Richardson's arrest absent any investigation into the alleged theft.

3

3.     Jury Selection

Richardson's jury selection challenges are also unavailing.  A district court enjoys considerable discretion in conducting voir dire, and "may permit the parties or their attorneys to examine prospective jurors or may itself do so."  Fed. R. Civ. P. 47(a); see Cruz v. Jordan, 357 F.3d 269, 270 (2d Cir. 2004); Stephan v. Marlin Firearms Co., 353 F.2d 819, 822 (2d Cir. 1965).  Here, the district court did not abuse its discretion because it adopted Richardson's proposed list of questions and added new questions that Richardson requested at the outset of jury selection.  Further, it afforded Richardson the opportunity to object to matters regarding jury selection, although he did not.  Finally, the record does not support Richardson's claim that he informed the court that he knew the jury foreman.

4.     Defense Counsel's Questions Regarding Richardson's Income

Richardson's argument that defense counsel improperly questioned him concerning his income is not preserved for appellate review because he did not object to the question in the district court.  See Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 103 (2d Cir. 2004).  Even if we were to exercise our discretion to consider an unpreserved issue, see Virgilio v. City of New York, 407 F.3d 105, 116 (2d Cir. 2005), we would identify no error.  Because Richardson testified that he was homeless and that the defendants were motivated by that fact to violate his civil rights, defense counsel was permitted to inquire as to Richardson's income in an attempt to undermine the credibility of his testimony.  See Fed. R. Evid. 611(b).

4

5.     General Challenge to Jury Verdict

To the extent Richardson's brief can be read as a general challenge to the jury's verdict, Richardson did not preserve any particular issue in a motion pursuant to Federal Rule of Civil Procedure 50, and there is no apparent non-frivolous challenge that can be made. Certainly, the verdict cannot be said to be "wholly without legal support." Jacques v. DiMarzio, Inc., 386 F.3d 192, 199 (2d Cir. 2004) (internal quotation marks omitted).

We have considered plaintiff's other arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court